J-S69014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY LAMONT BOONE, | |
| Appellant | No. 510 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 14, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000441-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 12, 2018**

Appellant, Anthony Lamont Boone, appeals from the judgment of sentence of 72 to 144 months' incarceration, imposed after a jury convicted him of persons not to possess a firearm, 18 Pa.C.S. § 6105(a)(1).  On appeal, Appellant seeks to challenge the sufficiency of the evidence to sustain that conviction.  Additionally, his counsel, Matthew P. Kelly, Esq., seeks to withdraw from representing Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Briefly, on December 2, 2016, Appellant engaged in an altercation with a woman at a club called the Getaway Lounge located in West Nanticoke, Pennsylvania.  **See** N.T. Trial, 3/12/18, at 31.  During the argument, Appellant

pulled out a small, black handgun. *Id.* Two patrons of the club restrained Appellant, and an employee was able to take the gun from him. *Id.* at 52. Shortly thereafter, the police arrived and arrested Appellant. *Id.* He was ultimately charged with receiving stolen property, persons not to possess a firearm, terroristic threats, carrying a firearm without a license, recklessly endangering another person, disorderly conduct, and harassment.

On March 12, 2018, Appellant was tried and convicted by a jury on the charge of persons not to possess a firearm. He also subsequently pled guilty to receiving stolen property and terroristic threats. The remaining charges were withdrawn. On March 14, 2018, Appellant was sentenced to an aggregate term of 72 to 144 months' incarceration.

Appellant thereafter filed a *pro se* document that the trial court treated as a timely notice of appeal. The court then ordered Appellant to file a Pa.R.A.P. 1925(b) statement, but his counsel at that time, Joanna Bryn Smith, Esq., did not comply with that order. Accordingly, on May 1, 2018, the trial court issued an opinion deeming waived any issue(s) Appellant sought to raise on appeal.

Thereafter, Attorney Smith filed with the trial court a petition to withdraw, which the court granted on May 10, 2018. However, Attorney Smith did not notify this Court that she had been granted leave to withdraw. Consequently, on May 30, 2018, this Court issued a *per curiam* order remanding Appellant's case for the trial court to discern whether he was knowingly, intelligently, and voluntarily waiving his right to counsel, or to

appoint a new attorney to represent him. On June 15, 2018, the trial court appointed current counsel, Attorney Kelly. That same day, the court issued a second Rule 1925(b) order and Attorney Kelly timely complied, stating the following, single issue for our review: "Whether the Commonwealth proved by sufficient evidence whether [Appellant] committed the crime of Person Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms." Pa.R.A.P. 1925(b) Statement, 7/6/18, at 1. On August 8, 2018, the trial court issued a Rule 1925(a) opinion deeming Appellant's claim waived and/or meritless.

On September 6, 2018, Attorney Kelly filed a petition to withdraw and an **Anders** brief, concluding that Appellant's sufficiency-of-the-evidence claim is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Kelly's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history (although counsel omits citations to the record), he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. Attorney Kelly also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Kelly states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informs Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has substantially complied with the technical requirements for withdrawal. We will now

independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Initially, we agree with the trial court's conclusion that Appellant waived his sufficiency-of-the-evidence issue by not specifying, in his Rule 1925(b) statement, the element(s) upon which the evidence was allegedly insufficient. *See* Trial Court Opinion, 8/1/18, at 2 (unnumbered) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient.")).

Nevertheless, even if properly preserved, we would deem Appellant's issue frivolous. The offense of persons not to possess a firearm is defined, in pertinent part, as follows:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

(2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another

eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. § 6105(a). Subsection (c) of section 6105 states that a person will be subject to the prohibition of subsection (a) if they have "been convicted of an offense under the act of April 14, 1972 … known as The Controlled Substance, Drug, Device and Cosmetic Act … that may be punishable by a term of imprisonment exceeding two years." 18 Pa.C.S. § 6105(c)(2).

Here, the Commonwealth presented evidence that in 2006, Appellant was convicted of two counts of delivering cocaine, which is an offense under The Controlled Substance, Drug, Device and Cosmetic Act that is punishable by up to ten years' incarceration. *See* 35 P.S. §§ 780-113(a)(30), (f)(1.1). Therefore, the Commonwealth demonstrated that Appellant had a prior conviction that disqualified him from lawfully possessing a firearm.

Additionally, the Commonwealth proffered substantial evidence proving that Appellant did, in fact, possess a gun. Namely, Daniel F. Kratz, Jr., testified that on December 2, 2016, he was at the Getaway Lounge in West Nanticoke when he observed Appellant get into an altercation with a woman, during which Appellant displayed a gun. N.T. Trial at 30-31. Then, when Mr. Kratz confronted Appellant and told him to leave the club, Appellant "pulled [the] gun out on [Mr. Kratz]." *Id.* at 32. Mr. Kratz said the gun was "a little black gun about five inches long…." *Id.* Mr. Kratz identified Appellant in court as the man who possessed the gun at the Getaway Lounge. *Id.*

Similarly, Shane Lovenduski testified that he was at the Getaway Lounge on December 2, 2016, where he observed Appellant arguing with a

woman. *Id.* at 38. Mr. Lovenduski stated that he approached Appellant, at which point Appellant "proceeded to pull a gun out" and point it at Mr. Lovenduski. *Id.* at 39, 40. Mr. Lovenduski identified Appellant in court as the man who possessed the gun at the Getaway Lounge. *Id.* at 40. Finally, Theresa Engle Kastendieck, who is employed at the Getaway Lounge, also testified that she saw Appellant, whom she identified in court, pull out a "small[] gun" on the night of December 2, 2016. *Id.* at 48, 51. She ultimately took the gun from Appellant after patrons of the club restrained him. *Id.* at 52.

Given this record, we would conclude that the evidence was sufficient to sustain Appellant's conviction for persons not to possess a firearm, even had he properly preserved this claim in his Rule 1925(b) statement. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could raise herein. Consequently, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2018

- 7 -